MEMORANDUM *
Petitioner Glendy Delgado petitions for review of the Board of Immigration Appeals’ (“BIA”) affirmance of the Immigration Judge’s (“IJ”) denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We deny the petition.
Where, as here, the BIA expresses no disagreement with any part of the IJ’s decision, but instead cites Matter of Burbano, 20 I. & N. Dec. 872, 874 (BIA 1994), the BIA adopts the IJ’s decision in its entirety, see Abebe v. Gonzales, 432 F.3d 1037, 1040-41 (9th Cir.2005) (en banc), and the court reviews the IJ’s reasons as the BIA’s, see Ahmed v. Holder, 569 F.3d 1009, 1011-12 (9th Cir.2009). This court reviews “questions of law de novo, and findings of fact for substantial evidence.” Id.
Although violence against family members may establish persecution, see Korablina v. INS, 158 F.3d 1038, 1043 (9th *777 Cir.1998), the violence must “create a pattern of persecution closely tied to the petitioner,” Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991). Substantial evidence supports the BIA’s determination that Petitioner failed to establish past persecution based on guerilla attacks against members of her family because the attacks were not “closely tied” to her. Although her father has been the target of attacks, Petitioner was never targeted by guerillas while she lived with her father in Guatemala or after he left. The attacks on her uncle and her cousin took place in an entirely different city, several years after Petitioner left Guatemala, and after the cease fire between the guerillas and the government.
Substantial evidence also supports the BIA’s determination that Petitioner failed to establish a well-founded fear of future persecution by guerillas. First, country conditions had changed making it difficult for Petitioner to establish an objective basis for fear. See Molina-Estrada v. INS, 293 F.3d 1089, 1096 (9th Cir.2002). The Guatemalan government and the guerillas signed a peace agreement, and the guerillas had disbanded. Indeed, Petitioner’s father, the original target of the guerillas, returned to Guatemala in 2003 or 2004, and was not subject to any harassment, let alone persecution. Second, Petitioner failed to demonstrate that the government was unwilling or unable to control the guerilla forces. See Avetova-Elisseva v. INS, 213 F.3d 1192, 1196 (9th Cir.2000).
Substantial evidence also supports the BIA’s denial of Petitioner’s future persecution claim based on her status as a woman returning from the United States because Petitioner could not show that her fear rose above a general level of fear of unlawfulness in Guatemala.
Finally, Petitioner’s arguments that the BIA failed to use the correct legal standard for future persecution and to address relief under CAT are meritless. The IJ used the correct standard and addressed CAT relief, and the BIA cited Matter of Burbano. Thus, “the BIA adopt[ed] the Id’s decision in its entirety.” Abebe, 432 F.3d at 1040.
DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.